UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANNTONIA MIRO, as next of kin and
on behalf of A.A., a minor,

Case No.:   6:26-CV-00349

v.

THE SCHOOL BOARD OF VOLUSIA
COUNTY, FLORIDA, a Political subdivision
of the state of Florida,

Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Anntonia Miro, as next of kin and on behalf of A.A.[1], a minor, by and through her undersigned trial counsel and files her Complaint and Demand for Jury Trial, against the Defendant, The School Board of Volusia County, Florida, and alleges:

### *GENERAL ALLEGATIONS*

1.    This is an Complaint for both compensatory damages by Plaintiff, Anntonia Miro, as next of kin and on behalf of A.A., a minor, against the Defendant, The School Board of Volusia County, Florida, for Violation of *Title II* of the *Americans*

_____

[1]Judicial Conference of the United States and the E-Government Act of 2002 and *Rule 5.2(a)(3), Federal Rules of Civil Procedure,* require use of a minor's initials.

*with Disabilities Act* [Count I] as well as violation of the *Rehabilitation Act of 1973* [Count II].

2.      Plaintiff, Anntonia Miro, as next of kin and on behalf of A.A., a minor, seeks compensatory damages not including reasonable attorney's fees and costs associated with this action, which are part of this action.

3.      At all times material, Plaintiff, Anntonia Miro, as next of kin and on behalf of A.A., a minor, was and continues to reside at 1162 Pilgram Avenue, Deltona, Volusia County, Florida.  Anntonia Miro is the biological mother of A.A., a minor.

4.      At all times material, the Defendant, The School Board of Volusia County, Florida, was and continues to be a political subdivision of the state of Florida with its principle place of business located at 200 North Clara Avenue, DeLand, Volusia County, Florida 32720.

5.      This Court has subject matter jurisdiction pursuant to *28 U.S.C.A. Section 1331.* Plaintiff, Anntonia Miro, as next of kin and on behalf of A.A., a minor, is authorized by *28 U.S.C.A. Sections 2201, 2202* and by *42 U.S.C.A. Sections 12101 et seq.*

6.      At all times material, A.A. was and continues to be a "qualified individual with a disability" under *Section 504* of the *Rehabilitation Act of 1973.*

-2-

7.     At all times material, the Defendant, The School Board of Volusia County, Florida, was and continues to be a political subdivision of the state of Florida with its principle place of business in DeLand, Volusia County, Florida.

8.     At all times material, A.A. was enrolled in the sixth grade at Deltona Middle School, owned and operated by the Defendant, The Volusia County School Board commencing with the 2024 school year.

9.     The conduct of the Defendant, The School Board of Volusia County, Florida, complained of occurred in Volusia County, Florida. As operators of Deltona Middle School, The School Board of Volusia County, Florida, was charged with the custody, care and control of minor children, and had a duty, at all times material to this action, to provide an educational environment for qualified individuals with a disability, including A.A.

10.     A.A., based on a 2017 medical diagnosis by Pediatrician Nicole Gagliano, M.D. of Orlando Health Physician Associates, suffers from Autism, Mixed Language Disorder and Absence Seizures.

11.     Nicole Gagliano, M.D. referred A.A. to Neurologist, Jasma Kojic, M.D., also at Orlando Health Physician Associates. In 2017, Jasma Kojic, M.D. diagnosed A.A. with mild Cerebral Palsy.

12.     A.A.'s diagnosed disabilities substantially and materially limit multiple major life activities, including learning, concentrating, thinking, communicating, and self-regulation, particularly within the educational environment. These impairments severely restrict A.A.'s ability to meaningfully access and participate in the educational process, process and retain information, and independently initiate or complete academic tasks without intensive, specialized support and intervention. When instructional demands exceed A.A.'s cognitive capacity and appropriate accommodations are inadequate, A.A. experiences frequent and severe behavioral meltdowns, directly resulting from the inability to comprehend assigned lessons. These episodes are not willful misconduct but manifestations of A.A.'s disabilities, further excluding A.A. from instruction and exacerbating the educational harm suffered.  A.A.'s disabilities substantially limits A.A.'s major life activities.

13.     A.A. is part of a protected class pursuant to the *Americans with Disabilities Act* and *Section 504, Rehabilitation Act.*

14.     Prior to A.A.'s attendance at Deltona Middle School as a sixth grade student, Plaintiff, Anntonia Miro, advised the administrators at Deltona Middle School of A.A.'s diagnosed disabilities including Autism, Mixed Language Disorder, Absence Seizures and mild Cerebral Palsy which substantially limits A.A's major life activities.

15.     A.A.'s disabilities require specific accommodations to ensure equal access to educational opportunities, such as, but not limited to: small classroom size, additional educational support assistance while attending general education classrooms and a designated quiet area for A.A. to decompress from large classroom activity as well as overstimulation from loud noises.

16.     The Defendant, The School Board of Volusia County, Florida, failed to act on Plaintiff, Anntonia Miro's request, enrolling A.A. in large general education classrooms with only a few special education learning segments.

17.     Due to A.A.'s disabilities, A.A. has a history of being disruptive in class and is prone to emotional meltdowns when misunderstanding class material.

18.     During a meeting with teacher Ms. Elizabeth Winkler, school psychologist Ms. Kathryn Barry, and school counselor, Ms. Charlena Durrance on August 29, 2022, Plaintiff, Anntonia Miro, requested the Defendant, The Volusia County School Board, Florida, place A.A. in smaller classroom settings with a lower student to teacher ratio and to provide A.A. with additional educational support to ensure proper guidance and supervision navigating difficult or frustrating situations in order to mitigate meltdowns stemming from A.A.'s diagnosed disabilities. Anntonia Miro also requested a sensory calm area in each classroom for A.A. to utilize during meltdowns.

19.    Plaintiff, Anntonia Miro, informed A.A.'s diagnosed disabilities to administrators at Deltona Middle School and communicated A.A. had an Individualized Education Program in place from Discovery Elementary School, a school also within the Defendant, The School Board of Volusia County, Florida's jurisdiction.  Anntonia Miro stressed the importance of placing A.A. in a small classroom setting with extra support to mitigate frustration and meltdowns.

20.    The Defendant, The School Board of Volusia County, Florida, failed to act on Plaintiff, Anntonia Miro's request, enrolling A.A. in general education classes with only a few special education learning segments.

21.    On or about August 21, 2024, Plaintiff, Anntonia Miro, attended a meeting with Deltona Middle School's principal, Dr. Stephen Hinson and school safety office Deputy Julie Curtin to discuss concerns for A.A.'s safety regarding bullying behavior experienced by A.A. from other students at Deltona Middle School.

22.    Although A.A. had an Individualized Education Plan in place with the accommodation requirement of A.A. being placed in a small classroom setting, A.A. was placed in a large general education classroom with many students, one teacher and no support assistance.  This placement guaranteed A.A.'s frequent meltdowns stemming from the stated disabilities and frustration over incomprehension of the

lesson plan. As such the Defendant, The School Board of Volusia County, denied A.A. the benefits of its services such as obtaining an education.

23.    A.A.'s response to large class size triggered an overload of sensory stimulus. Without the necessary assistance from a paraprofessional or other support from teachers or administrators, A.A. was subject to separation from general education classrooms, resulting in time away from educational instruction, impacting A.A.'s ability to keep up with classroom activity, lessons and school work.

24.    On or about October 3, 2024, A.A. was suspended from Deltona Middle School until October 4, 2024 for having a meltdown which occurred due to A.A. not comprehending classroom tasks assigned in a large classroom setting without additional educational support [Exhibit "A"]. No designated calm sensory area was provided for A.A. to decompress. This suspension deprived A.A. of the opportunity for an education under the *Individuals with Disabilities Education Act*.

25.    Deltona Middle School administration unjustly suspended A.A. from school, due to A.A.'s uncontrollable emotional classroom outbursts, curtailing A.A.'s educational opportunities and participation in school activities.

26.    Dr. Stephen Hinson, Principal of Deltona Middle School, contacted Plaintiff, Anntonia Miro, demanding she come to the school to remove A.A. from

the educational setting once again, depriving A.A. of educational services.

27.    Principal Dr. Stephen Hinson's decision to exclude A.A. from obtaining educational services was by reason of A.A.'s disabilities.

28.    Principal Dr. Stephen Hinson also threatened to trespass Plaintiff, Anntonia Miro, and call the Florida Department of Children and Families if A.A. was returned to Deltona Middle School before the suspension time ended.

29.    On or about October 4, 2024, Plaintiff, Anntonia Miro contacted Mr. Eric Story with the School Board of Volusia County, Florida, via electronic mail with the heading of URGENT, to advise of Deltona Middle School's intentional discriminatory actions against A.A. because of the diagnosed disabilities [Exhibit "B"]. Anntonia Miro also advised Mr. Story that A.A.'s Individualized Education Plan was not being followed in regard to placing A.A. in a small classroom setting with extra support and not providing a calming sensory space for A.A. to decompress.

30.    On or about October 21, 2024, an Individualized Education Plan meeting was held. Plaintiff, Anntonia Miro, ESE Assistant Principal, Ms. Glaenzer, A.A.'s teachers, as well as a District Placement Specialist attended. Anntonia Miro voiced concerns that Deltona Middle School failed to follow A.A.'s Individualized Education Plan.

31.    Plaintiff, Anntonia Miro, participated in A.A.'s Individual Education Plan conference and emphatically vocalized the necessity of a A.A. being assigned additional classroom support to assist A.A. in the general education classroom setting in order to mitigate classroom disruptions stemming from A.A.'s disabilities and to ensure a positive, inclusive educational experience.

32.    A.A.'s Individual Education Plan is extensive with clearly stated objectives and goals, including the admission that A.A.'s issues with task initiation and completion impact the ability of A.A. to fully participate in the general education curriculum without specialized support.

33.    The Defendant, The Volusia County School Board, Florida, did not assign additional educational support to A.A.  Plaintiff, Anntonia Miro, received phone calls from the administration at Deltona Middle School requiring her to personally come to the school to calm A.A. during frequent meltdowns, once again, depriving A.A. of educational services.

34.    The Defendant, The School Board of Volusia County, Florida, deliberately and intentionally discriminated against A.A. by removing A.A. from classroom lessons if A.A. was unable to understand the material being taught and became frustrated, a manifestation of A.A.'s disabilities.  A.A. was placed in an empty room  and denied the opportunity participate in the educational process.

35.    The Defendant, The School Board of Volusia County, Florida, failed to provide the assistance necessary to ensure A.A., a child with serious disabilities and handicaps, with a successful and productive educational experience, in violation of A.A.'s rights under *Section 504* of the *Rehabilitation Act.*

36.    The Defendant, The School Board of Volusia County, Florida, knowingly and repeatedly failed to provide A.A. with the individualized classroom supports expressly required by the Individualized Education Plan. Further, the School Board refused to reasonably accommodate A.A.'s documented disabilities by denying access to smaller, structured classroom settings necessary for A.A. to meaningfully access instruction. Despite actual knowledge of A.A.'s substantial needs and the foreseeable harm caused by the absence of these supports, the School Board acted with deliberate indifference and intentionally discriminated against A.A., excluding A.A. from educational opportunities and denying the benefits of a public education.

37.    The described deliberate indifference by the Defendant, The School Board of Volusia County, Florida, towards A.A. was by reason of A.A.'s disability which The School Board of Volusia County, knew of and failed to act on.

38.    Pursuant to a unanimous decision by United States Supreme Court in *Luna Perez v. Sturgis Public Schools*, 143 S. Ct. 859 (U.S.), a student with a disability

does not have to exhaust the administrative due process procedures of the *Individuals with Disabilities Education Act* before filing a lawsuit seeking compensatory damages under the *Americans with Disabilities Act* or other federal anti-discrimination laws. *See also, Kimberly Powell, et al v. The School Board of Volusia County, Florida*, 86 F. 4th 881 (11th Cir. 2023).

39.     Further, *28 CFR Part 35.130(a)*, states: "No qualified individual with a disability shall, on the basis of disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any public entity."

40.     *Section 504* of the federal *Rehabilitation Act* states no otherwise qualified individual with a disability in the United States, as defined in section 705 (20) of this title, shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

41.     The actions of the Defendant, The School Board of Volusia County, Florida, as alleged are operational level decision making activities. These activities do not fall into the category of institutional acts which involves policy making or planning, and do not involve discretionary governmental functions. As such, The

School Board of Volusia County, Florida, is not immune from liability in accordance with *Title II* of the *Americans with Disabilities Act.*

42.     *Title II* of the *Americans with Disabilities Act*, also requires a public entity to make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity. *28 C.F.R. Section 35.130(b)(7)(I).*

43.     Under *Title II* of the *Americans with Disability Act*, a public entity may not, directly or through contractual or other arrangements, utilize criteria or methods of administration that have the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability. *28 C.F.R. Section 35.130(b)(3)(I).*

44.     The Defendant, School Board of Volusia County, Florida, is a "public entity" within the definition of the *Americans with Disabilities Act, 42 U.S.C. Section 12131(1)* and *28 C.F.R. Section 35. 104* and is therefore subject to *Title II* of the *Americans with Disabilities Act*, and its implementing regulation.

45.     The Defendant, School Board of Volusia County, Florida, operates educational facilities, services, programs, and activities within the meaning of *Title*

*II* of the *Americans with Disability Act*, which include its education programs for students with disabilities.

46.    Plaintiff, Anntonia Miro, as next of kin and on behalf of A.A., a minor, retained The Harr Law Firm to represent her in this matter and has agreed to pay said firm reasonable attorney's fees for its service.

47.    All conditions precedent to the filing of this action have occurred or been waived.

COUNT I

<u>VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT</u>

48.    Plaintiff, Anntonia Miro, as next of kin and on behalf of A.A., a minor, reallage the allegations contained in paragraphs 1 through 39 and paragraphs 41 through 47.

49.    This Count is asserted pursuant to the *Americans with Disabilities Act, 42 U.S.C.A. §§ 12101 et seq. [ADA §§ 2 et seq.]*.

50.    A.A., a minor, is a qualified individual with disabilities as that term is defined by *Title II* of the *Americans with Disabilities Act, 42 U.S.C.A. § 12131(2) [ADA § 201(2)]*; specifically, Autism, Mixed Language Disorder, Absence Seizures and mild Cerebral Palsy.

51.    The Defendant, The School Board of Volusia County, Florida, is a public

-13-

entity as that term is defined by Title II of the *Americans with Disabilities Act, 42 U.S.C.A. § 12131(1) [ADA § 201(1)].*

52.     The Defendant, The School Board of Volusia County, Florida, failed to provide reasonable accommodations for A.A. who needs attendant care and who also has cognitive limitations in participating in the educational process.

53.     As set forth in the General Allegations, the Defendant, The School Board of Volusia County, Florida, violated *Title II* of the *Americans with Disabilities Act* by failing to provide provisions of A.A.'s Individual Educational Plan, routinely failing to accommodate A.A.'s disabilities, as well as denying A.A. access to an education.

WHEREFORE, Plaintiff, Anntonia Miro, as next of kin and on behalf of A.A., requests a judgment against the Defendant, The School Board of Volusia County, Florida, awarding Plaintiff, Anntonia Miro, as next of kin and on behalf of A.A., a minor, compensatory damages, pre-judgment and post-judgment interest, as well as reasonable attorneys fees, and all allowable costs incurred in this action.

## COUNT II

### *VIOLATION OF REHABILITATION ACT OF 1973*

54.     Plaintiff, Anntonia Miro, as next of kin and on behalf of A.A., a minor,

reallage the allegations contained in paragraphs 1 through 37, paragraph 40 and paragraphs 46 through 47.

55.    The Defendant, The School Board of Volusia County, Florida, operates a "program or activity receiving Federal financial assistance" under *Section 504* of the *Rehabilitation Act of 1973.*

56.    The Defendant, The School Board of Volusia County, Florida, has denied A.A. equal participation in The School Board of Volusia County, Florida's services and made participation unduly burdensome solely by reason of A.A.'s disabilities in violation of *Section 504* of the *Rehabilitation Act of 1973* and its implementing regulations. *49 C.F.R. Pt. 27.*

57.    The Defendant, The School Board of Volusia County, Florida, denied A.A. the benefits of educational service, programs, and activities.

58.    In engaging in the conduct described above, the Defendant, The School Board of Volusia County, Florida, either intentionally discriminated against A.A. or demonstrated deliberate indifference to the strong likelihood that the pursuit of its policies would result in violations of federally protected rights.

59.    As set forth in the General Allegations, the Defendant, The School Board of Volusia County, Florida, systematically subjected A.A. to discrimination solely by reason of A.A.'s disabilities. These violations of *Section 504* of the

*Rehabilitation Act of 1973* by The School Board of Volusia County, Florida, establish a claim for declaratory and compensatory damages against The School Board of Volusia County, Florida, pursuant to *Section 505* of the *Rehabilitation Act, 29 U.S.C.A. § 794a(a)(2)*.

WHEREFORE, Plaintiff, Anntonia Miro, as next of kin and on behalf of A.A., requests a judgment against the Defendant, The School Board of Volusia County, Florida, awarding Plaintiff, Anntonia Miro, as next of kin and on behalf of A.A., a minor, compensatory damages, pre-judgment and post-judgment interest, as well as reasonable attorneys fees, and all allowable costs incurred in this action.

## *JURY DEMAND*

60.    Plaintiff, Antonnia Miro, as next of kin and on behalf A.A. a minor, demands a jury trial.

Dated this 12th day of February 2026.

Respectfully submitted.

        */s/Jason L. Harr* _____
JASON L. HARR
Florida Bar No.:  0194336
THE HARR LAW FIRM
The Harr Professional Center
517 South Ridgewood Avenue
Daytona Beach, Florida 32114
Email: jasonharr@harrlawfirm.com
brittanipetrofsky@harrlawfirm.com
miriamjuarez@harrlawfirm.com
Telephone:  (386) 226-4866

TRIAL COUNSEL FOR PLAINTIFF
ANNTONIA MIRO, as next of kin and
on behalf of A.A., a minor

# EXHIBIT "A"



**SCHOOL DISTRICT OF VOLUSIA COUNTY, FLORIDA**
**Student Assignments**
**NOTICE OF SCHOOL SUSPENSION**

Date: 10/03/2024
Name: ▮▮▮
Alpha: 2DOPQ
Gender: ▮▮▮

Race: H - Hispanic    School: M - DELTONA MIDDLE SCHOOL - 1702    Grade: 06    ESE Primary: P
Parent/Guardian Name: Anntonia Miro    Phone: (Cell) (321) 202-1596 (Home)    (Work)

THE ABOVE-NAMED STUDENT HAS BEEN GIVEN ORAL/WRITTEN NOTICE OF THE CHARGES AGAINST HIM/HER AND HAS BEEN INFORMED OF HIS/HER RIGHT TO DUE PROCESS.

_(initialed)_ A. An explanation of the evidence has been made to the student and he/she has had an opportunity to present his/her version.
Initial

_(initialed)_ 1a. Student does not deny charges.
Initial

_____ 1b. Student denies charges, however, the investigation supports suspension.
Initial

_(initialed)_ 2. This hearing was held before the student was removed from school.
Initial

_(initialed)_ 3. Parent called by telephone. Date _10/3/24_    Time _1:11_
Initial

_____ 4. Unable to reach parent by telephone. Signature _____
Initial

_____ B. It was not feasible to have a hearing prior to removing the student from the school because the student's presence endangered
Initial    persons or property, or threatened disruption of academic process.

_____ 1. The necessary hearing will follow within 72 hours.
Initial

The student has received the following suspension:
**Reason:** She started to get agitated while we were working together with one of the question, because I wasn't showing her exactly where she can find the answer. She starter punching the keyboard area or her laptop various times, she then proceeded to kick the table she was working on, started to slam the paper of the desk to the floor, after picking them up she did it again. Started to kick the round chairs also dragging them around the front classroom area, she smash on the floor a basket with small white boards, proceeded to move the 4 wheeled white table around the classroom, grabbed chairs and threw them to one side of the room. She got under my desk grabbed the edge and starting moving and kicking provoking certain items to fall of my desk. This caused a major disruption where students had to be removed from class becuase her screams and behavior.

**Action:**

| Days Completed | Resultant Action | Date Decided | Date Begins | Date Ends | Length of Action | Attendance Code | Administered by | Zero-Tolerance: Expl | Action Record Notes | Detention Period |
|---|---|---|---|---|---|---|---|---|---|---|
| | Suspension Out Of School | 10/03/2024 | 10/04/2024 | 10/04/2024 | 1 | Unexcused Absence – Out of School Suspension | Glaenzer, S. | Z - Student was not expelled. | Called mom | |

**Parent/Guardian Contacts:**

| Date | Time | Contact Title | Contact Phone Number | Outcome | Comment |
|---|---|---|---|---|---|

Previous Referrals: _1_    Type of weapon or firearm: _n/A_    Controlled Substance Field Test: Positive _n/A_ Negative _____

During the period of suspension, your child is not to appear on school grounds nor attend or participate in school sponsored activities.    I strongly urge that he/she remain indoors at home occupied with school work during the regular hours. It is expected that students who have been suspended will make up class work which has been missed. According to School Board Policy #206. Make-up work for unexcused absences shall be governed by the terms established in each individual school's policy, which may include the assessment of a letter grade penalty. However, students who are suspended shall be provided with specific homework assignments to be completed.

You are requested to accompany the student on return to school.    Yes    (No)    This is your child's _1st_ suspension this school year.
A PARENT OR GUARDIAN WHO IS DISSATISFIED WITH THE ABOVE DECISION AND WHO DESIRES AN ADDITIONAL HEARING MUST CALL THE SCHOOL PRINCIPAL WITHIN 24 HOURS AFTER RECEIVING THIS REPORT.

_S Glaenzer_                                    _AP_
NAME (Person to contact, if other than principal, for further information)    TITLE



SIGNATURE (Principal or designee)          386-575-4150
                                           SCHOOL PHONE NUMBER EXTENSION

The principal or designated representative may suspend a student only in accordance with the rules of the district school board. Each suspension and the reason therefore, shall be reported in writing within 24 hours to the student's parent or guardian and to the superintendent. Grounds for disciplinary action are contained within district school board rule.    Source of Authority – Florida Statute 1006.09    Revised: 7-26-2011 2001-055-VCS Owner: Student Discipline Print Locally

EXHIBIT "B"

## Outlook

---

**Fwd: URGENT !!!**

**From** Nia Miro <niamiro92@gmail.com>

**Date** Tue 11/26/2024 4:36 AM

**To** miriamjuarez@harrlawfirm.com <miriamjuarez@harrlawfirm.com>

Forwarded message
From: **Nia Miro** <niamiro92@gmail.com>
Date: Fri, Oct 4, 2024 at 9:16 AM
Subject: URGENT !!!
To: <ststory@volusia.k12.fl.us>

Hello my name is Anntonia Miro ,

I am reaching out to you today because my ▮▮▮▮▮▮ ▮▮▮▮▮▮ 6/23/13 whom attends to Deltona Middle School is being discriminated & they refuse to follow ▮▮ iep . They suspended ▮▮▮ due to having a meltdown that the school caused by not allowing ▮▮ to have a calm down area in ▮▮▮ classroom . It is on ▮▮ iep to have a calm down area . In ▮▮ last school they provided it at every class and ▮▮ used to go to discovery elementary. I have sat with the principal , ese lady & expressed my concerns and went over the iep and explained I do not agree with the suspension at all and did not sign for it . The principal has threatened to call dcf on me and is trespassing ▮▮▮ from school campus . I am trying my best over the last 4 years to get the education my ▮▮▮▮▮ needs and nobody is listening . Please call me today right away at 321 202 1595 .